OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant admitted passing a stopped police vehicle by traveling on the shoulder of the road. He states, however, that while the simplified traffic information described the offense as "drive [sic] off pavement to pass,” the court below based its *982 finding of guilt on his traveling off the main-traveled portion of the roadway. He claims by doing so, the court deprived him of his ability to prepare an adequate defense.
Section 1123 (b) of the Vehicle and Traffic Law provides as follows: "The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.” A "roadway” in turn is defined in relevant part as "That portion of a highway improved, designed, marked, or ordinarily used for vehicular travel, exclusive of the shoulder and slope” (Vehicle and Traffic Law § 140 [emphasis supplied]). The gravamen of the instant charge, therefore, is that defendant left the roadway to overtake and pass a vehicle. Thus even though the shoulder might have been paved (see, Vehicle and Traffic Law § 143-a), he could not have been misled in preparing his defense as he claimed. We note that "overtaking and passing” applies to a stopped as well as a moving vehicle (cf., Vehicle and Traffic Law § 1151).
We find .no merit to defendant’s remaining contentions.
DiPaola, P. J., and Collins, J., concur; Ingrassia, J., taking no part.